IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC, | : | Civil Action No. 2:12-cv-05429-NS |
| Plaintiff, | : | |
| v. | : | |
| LEONARD HOLLEY, | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM JANUARY 24, 2013 ORDER OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 60(b)**

Plaintiff AF Holdings, LLC ("Plaintiff"), through its undersigned counsel, seeks relief from the Court's January 24, 2013 dismissal without prejudice. Fed. R. Civ. P. 60(b)(1) provides, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . excusable neglect . . . ." The Court should grant this motion because relief pursuant to Rule 60 is warranted in this case as Defendant Leonard Holley was duly served on January 15, 2013, and such relief is just and proper under the circumstances. Therefore, Plaintiff respectfully requests that the Court sets aside its Order of January 24, 2013 and the Dismissal without prejudice therein.

///

**FACTUAL BACKGROUD**

Plaintiff, an exclusive rights holder with respect to certain adult entertainment content, filed its Complaint against Leonard Holley alleging copyright infringement, civil conspiracy, and negligence on September 24, 2012. (*See* Compl., ECF No. 1.) Defendant, without authorization,

used an online peer-to-peer ("P2") media distribution system to download the copyrighted work and distribute the copyrighted work to the public, including by making the copyrighted work available for distribution to others. (*Id.* ¶ 1.) Defendant Leonard Holley is identified by his unique Internet Protocol ("IP") address 76.99.119.201 which corresponds to his internet service account with Comcast Cable Communications LLC ("Comcast") at the time of the Defendant's infringing activity. (*Id.* ¶ 23.)

On November 30, 2012, Plaintiff requested the issuance of a summons for Leonard Holley. (ECF No. 5.) The Clerk of Court issued the summons for Leonard Holley dated December 3, 2013. (Summons, attached hereto as Exhibit A.) All service attempts to the Defendant were coordinated by Stella Wi Dugas, who is assisting the Plaintiff's counsel of record in this case. ((*See* Decl. of Stella Wi Dugas Regarding Service of Process to Defendant Leonard Holley ["Dugas Declaration"] ¶¶ 1-2.) On January 2, 2013, Plaintiff sent the Summons and Complaint to be served on Leonard Holley to C&E Process Service Inc., a business located at 1341 N. Delaware Avenue, Philadelphia, PA 19125. (Dugas Decl. ¶¶ 3-5.)

Service was attempted at the residential address 5346 Westford Road, Philadelphia, PA 19120, obtained from the Defendant's Internet Service Provider Comcast Cable Communication LLC for the first time on January 3, 2013. (Dugas Decl. ¶ 4; Proof of Non-Service, attached hereto as Exhibit B.) A total of four (4) attempts were made at 5346 Westford Road, Philadelphia, PA 19120: on January 3, 2013 at 10:51 AM; January 3, 2013 at 6:44 PM; January 4, 2013 at 12:17 PM; and on January 6, 2013 at 8:22 PM. However, all of the attempts to serve Leonard Holley at 5346 Westford Road, Philadelphia, PA 19120 failed. (Ex. B; Dugas Decl. ¶ 6.) According to Russell D'alonzo, the process server for C&E Process Service, the neighbors

stated that Leonard Holley has not been at the address "in a few weeks" and Russell D'alonzo also noted that he found unclaimed mail at the address. (Ex. B; Dugas Decl. ¶ 8.)

Plaintiff attempted to serve the Defendant again at a new address, 1634 South 15th Street, Philadelphia, PA 19145, obtained after a skip trace. (Dugas Decl. ¶ 8.) The Summons and Complaint to be served were sent again to C&E Process Service Inc. on January 15, 2013. (Proof of Service, attached hereto as Exhibit C.) On January 15, 2013, Russell D'alonzo, the process server, served Leonard Holley by leaving the Summons and Complaint at his residence, located at 1634 South 15th Street, Philadelphia, PA 19145, with an individual who was identified as Leonard Holley's cousin. (Ex. C; Dugas Decl. ¶ 10.) On January 16, 2013, Stella Wi Dugas received an electronic copy of the Proof of Service from the process server by electronic mail, in which the process server informed Ms. Dugas that the original Proof of Service will be sent out by mail. (Dugas Decl. ¶¶ 10-11.) Stella Wi Dugas received the original Proof of Service in the mail on or about January 23, 2013. (*Id.* ¶ 12.) On January 24, 2013, the Court entered an Order dismissing without prejudice Plaintiff's complaint for lack of prosecution. (ECF No. 6.)

## ARGUMENT

This section consists of two parts. Part I sets forth the standard for default judgment. Part II argues that the Court's dismissal without prejudice of January 24, 2013 should be vacated pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.

I. **STANDARD FOR RELIEF FROM JUDGMENT UNDER FRCP 60(b)(1)**

   a. **Standard for Relief from Judgment**

A Court may relieve a party from a final judgment or order for the grounds listed in Fed. R. Civ. P. 60(b), including "a party's excusable neglect." Fed. R. Civ. P. 60(b). ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order,

or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . .").

First of all, relief under Rule 60(b)(1) can only be made "not more than one year after the judgment, order, or proceedings was entered or taken." *Stradley v. Cortez*, 518 F.2d 488, 493-94 (3rd Cir. 1975) (quoting Fed. R. Civ. P. 60(c)(1)). Second, the standard for "excusable neglect" is an equitable one, and it "requires [the court] to weigh the 'totality of circumstances.'" *Nara v. Frank*, 488 F.3d 187, 193-94 (3rd Cir. 2007) (quoting *Welch & Forbes, Inc. v. Cendant Corp.*, 234 F.3d 166, 171 (3d Cir. 2000)) (alteration added). More specifically, the Court should consider: (1) prejudice to the non-moving party; (2) delay and potential impact on the proceedings; (3) the cause of delay and whether the cause was within the movant's control; and (4) whether the moving party acted in good faith. *Id.* at 193-94.

The Supreme Court instigated a more in-depth analysis of the definition of "excusable neglect" by examining similar usage of the term in the Federal Rules of Civil Procedure 6(b) and 13(f). *Pioneer Inv. Servs. Co. v. Brunswick Assocs. LLP*, 507 U.S. 380, 391-93 (1993). During this analysis, the Supreme Court held that application of "excusable neglect" standard under Federal Rule of Civil Procedure 60(b)(1) is not strictly limited to cases where the failure to act was beyond the movant's control.

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant. . . . In the context of [Rule 13(f)], it is difficult indeed to imagine that "excusable neglect" was intended to be limited [to cases where the failure to act was due to circumstances beyond the movant's control]. . . . If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable.

507 U.S. at 392-93 (1993) (alterations added).

In summary, there are two requirements to be satisfied for the court to relieve a party from a final judgment under Rule 60(b)(1) on the ground of "excusable neglect": (1) relief must be sought within one year; and (2) the party's neglect must be excusable. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1222 (9th Cir. 2000).

## II.   JUDGMENT SHOULD BE VACATED PURSUANT TO RULE 60(b)(1)

### a.   Plaintiff's Motion is Timely Under Rule 60(c)(1)

Plaintiff's motion under rule 60(b) is not only timely under the rules, but also expeditious. Under Rule 60(c)(1), "a motion under Rule 60(b) must be made within a reasonable time", and, motions made for reasons (1), namely "mistake, inadvertence, surprise, or excusable neglect", must be made "no more than a year after the entry of judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see Stradley*, 518 F.2d at 493-94.

The Court's dismissal of the instant case without prejudice was entered on January 24, 2013. (ECF No. 6.) After conferring with the counsel of record and his assistant about the status of service of process to Leonard Holley and upon finding out that the Defendant has been properly served on January 15, 2013, Plaintiff immediately filed its Motion for Relief from the January 24, 2013 Order of Dismissal Without Prejudice Pursuant to Rule 60(b) on January 29, 2013. Not only is Plaintiff moving for an appropriate motion within the time specified in the Federal Rules of Civil Procedure, Plaintiff initiated a prompt response to remedy an excusable neglect.

### b.   Upon weighing the totality of circumstances, Plaintiff has satisfied the grounds for vacating the dismissal without prejudice and relief under Rule 60(b)(1) is appropriate

#### i.   *The conduct at issue constitutes excusable neglect*

The Court's Order of January 24, 2013 states that "a review of the docket indicates that service has not yet been made." (ECF No. 6.) Although this may be a true statement as to the court's docket, it is not true in fact. Plaintiff attempted to serve the Defendant at two separate addresses, and finally succeeded in serving the Defendant on January 15, 2013. (Ex. B; Ex. C.) Upon service, Stella Wi Dugas, assistant to the counsel of record, requested that the process server send the proof of service in two formats: (1) an electronic copy by electronic mail; and (2) the original by mail. (Dugas Decl. ¶¶ 10-11.) The electronic copy of the proof of service was received by the Plaintiff on January 15, 2013, and the original Proof of Service arrived on or about January 23, 2013. (Dugas Decl. ¶¶ 10, 12.) During this time, Plaintiff reached its dead-line for service on January 22, 2013. (ECF No. 6.) The Court entered a dismissal without prejudice for lack of prosecution stating that "a review of the docket indicates that service has not yet been made." (*Id.*) Plaintiff responded quickly to the misunderstanding with this Motion, and now respectfully requests that the dismissal without prejudice be vacated or set aside so that Plaintiff can proceed in prosecuting the case.

### ii.  *Granting this Motion does not prejudice the defendant*

Plaintiff's Motion should be granted because it does not prejudice the defendant. Defendant Leonard Holley has had sufficient notice of the claims against him as the Summon and Complaint were duly served to him on January 15, 2013. (Ex. C.) Furthermore, Plaintiff's Motion for Relief under Rule 60(b)(1) was timely according to the requirement of the Federal Rules of Civil Procedure, and expeditious in that Plaintiff responded within 5 days of the Court's dismissal.

Even if the Court granted the Plaintiff's instant Motion, Defendant would not be prejudiced as he is still afforded the 21-days to answer or respond with a motion according to the

Federal Rules of Civil Procedure. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (rejecting claim of prejudice from two week delay between entry of default judgment and filing Rule 60 motion because court perceives "no disadvantage to Augusta beyond that suffered by any party which loses a quick victory"); *see also Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985) ("the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion").

On the other hand, denial of the Motion would certainly prejudice the Plaintiff by foreclosing Plaintiff from asserting its rights through a well-pleaded complaint. If Plaintiff is to proceed in a new case with the same claims against Leonard Holley, Plaintiff would lose the time and resources already expended for the prosecution of the Defendant in this case. As such, Plaintiff respectfully requests that the Court grants this Motion.

### iii. *Granting this Motion will not result in delay or negative impact to the proceedings*

Plaintiff's Motion should be granted because it will not result in delay or negative impact to the proceedings. As mentioned above, the Defendant was only recently served on January 15, 2013, and Plaintiff is currently awaiting his answer or a responsive motion on or before February 5, 2013, on which the Defendant's 21-day period to do so ends. Contrary to the Court's belief, Defendant Leonard Holley was in fact properly served on January 15, 2013. (Ex. C.) As such, in granting the Plaintiff Motion, it will not result in delay or negative impact to the proceedings as the Defendant has not responded in any substantive manner and no trial has been held as to the claims. Additionally, as mentioned above, Plaintiff responded within 5-days of the Court's dismissal without prejudice. As such, the length of delay and the potential impact on the proceedings are minimal. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000)

(finding that filing of the Rule 60(b)(1) motion more than a month after entering summary judgment was "still not long enough to justify denying relief."). As such, Plaintiff respectfully requests that the Court grants this Motion.

### iv. The cause of delay was not within the Plaintiff's control

Plaintiff's Motion should be granted because the cause of delay was not in the Plaintiff's control. The main cause of delay is that the Plaintiff waited for the original Proof of Service to arrive on or about January 23, 2013. (Dugas Decl. ¶ 12.) Plaintiff could not control the speed and the process through which the United States Postal Service manages its mail. By the time Plaintiff received the Proof of Service, the last date for service of Plaintiff's complaint had passed. Furthermore, Plaintiff had forgotten of the January 22, 2013 deadline for service to the Defendant. Plaintiff's counsel was accustomed to court's issuing order to show cause prior to entering a dismissal without prejudice. The delay was caused by an oversight on part of the Plaintiff's counsel and his assistant. Even so, Plaintiff reacted immediately to remedy this oversight as soon as it was discovered.

Even if the cause of delay was in the Plaintiff's control, it is not a deciding factor nor does it preclude Plaintiff from receiving relief under Rule 60(b)(1). As held by the Supreme Court, whether the cause of delay was in the movant's control or not does not limit the application of the relief permitted under Rule 60(b)(1). *Pioneer Inv. Servs. Co.*, 507 U.S. at 394-95 (holding that "excusable neglect" covers situations in which the failure to comply with a filing deadline is attributable to negligence."). Therefore, Plaintiff respectfully requests that the Court grants this Motion.

### v. Plaintiff and its Counsel acted in good faith

Finally, Plaintiff's Motion should be granted because Plaintiff acted in good faith. There is nothing on the record to indicate that Plaintiff or Plaintiff's counsel "acted with anything less than good faith." *Bateman*, 231 F.3d at 1225 ("The reason for delay is, admittedly, weak. . . . He showed a lack of regard for his client's interest and the court's docket. But there is no evidence that he acted with anything less than good faith. His error resulted from negligence and carelessness, not from deviousness or willfulness."); *see also Emcasco Ins. Co. v. Sambrick*, 834 F. 2d 71 (3rd Cir. 1987) (finding that the district court abused its discretion in refusing to set aside the entry of default judgment entered when the Defendant failed to file an answer for more than six weeks after it was due as defendant's conduct did not evince "flagrant bad faith" and the district court's refusal to vacate the default judgment was "extreme."). Therefore, Plaintiff respectfully requests that the Court grants this Motion.

## CONCLUSION

The Court should grant Plaintiff's Motion for two reasons. First, Plaintiff has met the procedural requirement that Rule 60(b)(1) motions be brought no later than one year from the entry of judgment or order. Second, relief provided by Rule 60(b)(1) is proper under the totality of circumstances as the delay was caused by excusable neglect. Therefore, Plaintiff respectfully asks the Court to grant this motion and enter an order vacating the dismissal without prejudice heretofore entered in light of the circumstances examined under Rule 60(b)(1).

///

    Respectfully submitted,

    AF Holdings, LLC,

DATED: January 29, 2013

|   |   |
|---|---|
| By: | /s/ Daniel G. Ruggiero |
|   | Daniel G. Ruggiero, Esq. |
|   | *Attorney for Plaintiff* |