UNITED STATES DISTRICT COURT                             JANUARY 30, 2013

for the

EASTERN DISTRICT OF PENNSYLVANIA


Case No. 2:12-cv-05429                                   MOTION TO DIMISS

Civil Action No. 12-5429


AF HOLDINGS, LLC

        Plaintiff

v.


LEONARD HOLLEY

        Defendant


Attorney for Plaintiff

Daniel G. Ruggiero Esq. (SBN 312849)

P.O. Box 291

Canton, MA 02021

MOTION TO DISMISS                                    January 30, 2013

I. **LENGHT OF TIME TO FILE**

1. This litigation has been ongoing since April of 2011. The lawyers may have changed but the Plaintiff is still AF Holdings. I feel that the Plaintiff if seriuos about their lawsuit should have served me before now. I have attached a exhibit (EXHIBIT A) to verify this statement.

II. **Plaintiff's "NEGLIGENCE" Claim**

2. I do agree to being the person who pays the internet bill at the time that this alleged infringement was to have taken place. However, the fact the I pay the bill does not imply that I have a duty to stand guard over or take extra ordinary measures to safeguard the Plaintiff's alleged property. I take what I would call reasonable, commom everyday safeguards that any other individual would take. As the Plaintiff has only shown that the IP address was responsible for this infringment and I pay the internet bill it is a leap to base upon these facts only that I was soley responsible for this offense.

III. **ABUSIVE LITIGATION**

3. Since April I have received over 150 phone calls on the Plaintiff's behalf to settle this lawsuit. These phone calls amount to what I characterize as legal extortion. If someone attains copyrights to a porngraphic movie and allows it to be downloaded from the intenet and the buys some type of software that allows you identify a IP address, you then use the legal system to scare thousands of impending doom that befalls them if they don't settle. Because the property in question is of a pornographic nature alot will settle rather than see this in the legal system. If this is done to tens of thousands, it can be a profitable enterprise. I have attached a exhibit (EXHIBIT B ) to verify this statement.

IV. **OWNERSHIP OF COPYRIGHT IN REFERENCE TO WHEN THE ALLEGED INFRINGEMENT OCCURED**

4. Plaintff claims that they attained ownership of the said copyright in June of 2011. This is verified in Plaintiff's "Exhibit A". My alleged infringement

1

was to have occured in April of 2011. Exactly when was 100% of this property in my possesion to consitute an infringement? Does my having .01% in April constitute infringement? If not then was my Privacy violated by Plaintiff obtaining my IP address before they had actual ownership of their property?

I seek relief from the court and ask that this Lawsuit be dimissed on the above grounds.

*[signature]*
LEONARD M. HOLLEY

# EXHIBIT "A"



# renda Law Inc.

Protecting intellectual property

February 3, 2012

**VIA U.S. MAIL**
Leonard Holley
5346 Westford Rd
Philadelphia, PA 19120

       Re:   *AF Holdings LLC v. Does 1-1,140*
             *1:11-cv-01274 RBW, Ref #8458*

Dear Leonard Holley:

Prenda Law Inc. has been retained by AF Holdings LLC to pursue legal action against people who illegally downloaded their copyrighted content (i.e., "digital pirates"). Digital piracy is a very serious problem for adult content producers, such as our client, who depend on revenues to sustain their businesses and pay their employees.

On April 12, 2011 at 05:30:09 GMT (UTC), our agents observed the IP address with which you are associated illegally downloading and sharing with others via the BitTorrent protocol the following copyrighted file(s):

    ***Sexual Obsession***

    *The ISP you were connected to: Comcast Cable Communications*

    *Your IP Address you were assigned during your illegal activity: 76.99.119.201*

We have received a subpoena return from your ISP confirming that you are indeed the person that was associated with the IP address that was performing the illegal downloading of our client's content listed above on the exact date(s) listed above.

On July 13, 2011 we filed an action against several anonymous digital pirates (AF Holdings LLC v. Does 1-1,140). Under the applicable rules of civil procedure, our lawsuit against you personally will not commence unless we serve you with a Complaint.

# EXHIBIT "B"

1  none for a month, but then they would start back up again, according to no discernible
2  pattern.
3     17.   Similarly, I am informed and believe, because several potential and actual
4  clients have told me so, that the phone calls included so-called "robo-calls," where it was a
5  machine doing the dialing. *See*: http://dietrolldie.com/2012/06/16/prenda-robo-calls-
6  stupidity-gone-automatic/
7     18.   I am informed and believe that most of the people working in the Prenda call
8  centers are not attorneys. Rather, they are similar to professional telemarketers or debt
9  collectors, who often work from specific guidelines, and are possibly paid on commission.
10 The common theme in these harassing communications is pressure to "settle."

**(d)   Prenda Law: 118 Multiple Defendant Copyright Infringement Lawsuits,
       Against 15,878 John Does, Zero (0) People Served, Until February of 2012**

   19.   I am informed and believe that in February 2012, Prenda Law was forced to make a damaging admission by Judge Lucy Koh of the Northern District of California. After initially allowing subpoenas but then becoming suspicious of Prenda's attempt to obtain an extension of the Rule 4(m) service of process deadline, Judge Koh *ordered* Mr. Brett Gibbs to file a "list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed [by] Plaintiff's counsel's law firm or predecessor firm in federal court. Identify the case by name, case number, court, and filing date. For each case, indicate how may Doe defendants were actually served." *AF Holdings v. Does 1-135*, N.D. Cal. Case No. 5:11-cv-0336-LHK, ECF No. 42, 2/23/12. Judge Koh asked just the right question. The next day, Mr. Gibbs filed a status report with an Exhibit disclosing that over the year and a half prior, Prenda Law f/k/a Steele Hansemeier, had filed ***118 multiple-defendant cases, against a staggering 15,878 Doe defendants, but they had served zero (0) John Does*** in any of these cases. *Id.* at ECF No. 43-1, 2/24/12. pp. 4-6. A true and correct copy of this Exhibit A to the status report, which lists Prenda' cases, is attached hereto as **Exhibit F**. Specifically, the status report stated, as to the list of the 118 cases, "Although our records indicate that we have filed suits against individual copyright

infringement defendants, our records indicate that no defendants have been served in any of the below-listed cases."

20. I am informed and believe that once word of this admission by Prenda got out (defense attorneys began including the status report as an exhibit to motions to quash in other cases) Prenda rightly recognized that in order to have any credibility with both the courts and the people it was threatening with suit, it was going to have to start naming and serving some people. So, from a list of what I suspect must be several thousand ISP subscribers who it has identified in prior court actions where the courts allowed the ISP subpoenas, Prenda started naming and serving some individual defendants, a few at a time. Once it did start serving people, Prenda used the opportunity to create a section on its website where it could publicly shame the defendants it went after individually, with searchable links to their names, and to the case documents, as a warning to the many John Doe's its "settlement negotiators" were still actively pursuing. As of January 11, 2013, this section of Prenda's website lists 140 cases against individual, named defendants (although many of these suits have already been dismissed, usually without prejudice, at the first hint of litigation difficulty). Each of these listings identifies the plaintiff by name. The page also separately lists 208 lawsuits Prenda has filed against John Does, which are described as "Recent Cases Against Son-to-be-Identified Individuals." *See* *http://wefightpiracy.com/suits-against-individuals.php*, as of January 11, 2013.

(e) **What Prenda *Tells Courts*: 'The Mere Fact that Someone Pays the Internet Bill is Not Enough, By Itself, to Form the Reasonable Belief Necessary to Support a Good Faith Allegation that this Person is the John Doe Defendant'**

21. I am informed and believe that on multiple occasions, in half-hearted attempts to request an extension of the Rule 4(m) deadline, but explain why no service has yet been effected in his cases,[1] Mr. Gibbs has explained that the lack of service should be

---

[1] Generally, a case that is nominally still pending against someone is more effective as settlement leverage than is a case that has been fully terminated. Thus, Prenda generally ties to keep its cases alive, on life support, for as long as possible, but while doing as little actual litigating as possible.

2:12-cv-05429-NS

LEONARD   HOLLEY
5346 WESTFORD RD
PHILADELPHIA PA  19120