UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AF HOLDINGS, LLC,                                         Civil Action No. 2:12-CV-05429-NS

          Plaintiff,

v.

LEONARD HOLLEY,

          Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant Leonard Holley ("Defendant") filed a Motion to Dismiss. (ECF No. 10.) Plaintiff AF Holdings LLC ("Plaintiff"), by and through its undersigned counsel, hereby files the instant Response to Defendant's Motion to Dismiss.

**LEGAL STANDARD**

The 3rd Circuit Court of Appeals, in evaluating the impact of *Twombly* on Federal Rule of Procedure 12(b)(6), asserted that the Complaint must be a "statement 'showing that the pleader is entitled to relief'" and must "make a sufficient showing of enough factual matter (taken as true) to suggest the required elements of" the claims asserted." *Phillips v. County of Allegheny,* 515 F. 3d 224, 234-235 (3rd Cir. 2008).

**ARGUMENT**

**I.  THE TIMING OF PLAINTIFF'S FILING OF ITS LAWSUIT IS IRRELEVANT**

Defendant first argues that "this litigation has been ongoing since April of 2011. The lawyers may have changed but the Plaintiff is still AF Holdings**.** I feel that Plaintiff if seriuos (sic)

1

about their lawsuit should have served me before now. I have attached a (sic) exhibit (EXHIBIT A) to verify this statement." (ECF No. 10 at 2.) First of all, this litigation *has not* been going on since April 2011. Rather, as shown by Exhibit A to Defendant's Motion, April 2011 is when Defendant's IP address was observed illegally downloading and sharing Plaintiff's copyrighted work. The process of identifying the Defendant who has infringed upon Plaintiff's copyright is time consuming because, unlike typical lawsuits, Plaintiff must begin the process of litigating without knowing the identity of the Defendant. Regardless, Plaintiff's purported delay in bringing its claim has no bearing on whether Plaintiff's Complaint asserts sufficient facts to state a claim for relief.

**II.     DEFENDANT'S ASSERTION THAT HE TAKES REASONABLE STEPS IS NOT GROUNDS FOR DISMISSAL OF PLAINTIFF'S NEGLIGENCE CLAIM**

Defendant next asserts that he takes "what [he] would call reasonable, common everyday safeguards that any other individual would take." (ECF No. 10 at 2.) Plaintiff's Complaint, however, asserts otherwise; namely, Plaintiff's Complaint asserts that Defendant failed to take such reasonable safeguards. (*See* ECF No. 1, Plaintiff's Complaint at ¶¶ 59-70.) As such, Plaintiff has stated facts sufficient to suggest a claim for relief on a theory of negligence. That Defendant may have a defense to the facts that Plaintiff has alleged is not relevant to a Motion to Dismiss; the Court must take the factual allegations made by Plaintiff as true in deciding a Motion to Dismiss. *Phillips v,* 515 F. 3d at 234-235.

**III.    DEFENDANT FALSELY ASSERTS THAT PLAINTIFF'S LITIGATION IS ABUSIVE**

Defendant asserts that he has "received over 150 phone calls on the Plaintiff's behalf to settle this lawsuit." (ECF No. 10 at 3.) Defendant's assertion is unsupported by any evidence.

Furthermore, Defendant's assertion is not relevant to the limited inquiry in which the Court engages when deciding a Motion to Dismiss. *Phillips v,* 515 F. 3d at 234-235.

IV. **THE FACT THAT PLAINTIFF DID NOT OWN THE COPYRIGHT AT THE TIME OF ALLEGED INFRINGEMENT IS IRRELEVANT HERE**

Defendant's final argument is somewhat difficult to follow, as it consists primarily of a string of rhetorical questions. (ECF No. 10 at 2-3.) Defendant's first rhetorical question is "exactly when was 100% of this property in my possession to constitute an infringement?" (ECF No. 10 at 3.) This question is not relevant to the scope of inquiry here, as it is an evidentiary matter. If what Defendant means to suggest is that Plaintiff cannot sue for infringement that occurred prior to its obtaining ownership of the underlying copyright, Defendant is incorrect. The assignment agreement by which Plaintiff obtained the underlying copyright conveyed to Plaintiff "all right, title and interest worldwide in and to that certain work titled 'Sexual Obsession'…and all proprietary rights therein, including, without limitation, all copyrights, trademarks, design patents, trade secret rights, moral rights, and all contract and licensing rights, and **all claims and causes of action of respect to any of the foregoing, whether now known or hereafter to become known**." (*See* ECF No. 1-5) (emphasis added). Plaintiff thus acquired the entirety of the copyright, including the right to sue Defendant for the accrued claim of his infringement of Plaintiff's copyright, by virtue of the aforementioned assignment agreement. This transfer of ownership of a copyright is provided for by 17 U.S.C. §201(d), which states that "the ownership of a copyright may be transferred in whole or in party by any means of conveyance…." 17 U.S.C. §201(d). Defendant's assertion is thus irrelevant.

Defendant's second rhetorical question is "does my having .01% in April constitute infringement?" (ECF No. 10 at 3.) Plaintiff declines to respond to this rhetorical question, as its intended message is impossible to discern.

3

Defendant's third rhetorical question is "if not then was my Privacy violated by Plaintiff obtaining my IP address before they had actual ownership of their property?" (ECF No. 10 at 3.) Defendant's privacy was not violated, regardless of when Plaintiff obtained his IP address, because IP addresses themselves are public information.

## CONCLUSION

Defendant's Motion fails to offer even one tenable reason why Plaintiff's Complaint should be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6); as such, his motion should be denied.

Respectfully Submitted,

AF Holdings, LLC,

**DATED: March 13, 2013**

By:     /s/ Daniel Ruggiero
Daniel G. Ruggiero
P.O. Box 291
Canton, MA 02021
Telephone: (339) 237-0343
Fax: (339) 707-2808
*Attorney for Plaintiff*